# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. NOTTINGHAM, | : |
| Plaintiff, | : |
| v. | : 4:22-CV-330 |
| | : (JUDGE MARIANI) |
| LYCOMING COUNTY | : |
| PUBLIC DEFENDERS, *et al.*, | : |
| Defendants. | : |

## ORDER

**AND NOW, THIS** \_\_8th\_\_ **DAY OF FEBRUARY 2023**, upon *de novo* review of Magistrate Judge William Arbuckle's Report and Recommendation ("R&R") (Doc. 26), Plaintiff's Objections thereto (Docs. 27, 28), and all other documents of record, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 26) is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's Objections (Docs. 27, 28) are **OVERRULED**.[1]

---

[1] Plaintiff's brief in support of his Objections raises a number of arguments, specifically (1) that the R&R did not address the factors a court should consider when determining whether default judgment should be entered against a defendant (Doc. 28, at 1-2); (2) that defendants are not entitled to qualified immunity (*id.* at 2-4); (3) that Plaintiff did not have to allege a favorable termination of his prior proceedings (*id.* at 4-5); (4) that it is legal for Plaintiff to sue the Lycoming County Public Defenders' office under *Monell* because that office is a municipality (*id.* at 5); and (5) that the Court should issue an "Order to Show Cause" "why summary judgment should not issue pursuant to Rule 56 of the Federal Rules of Civil Procedure for the act of perjury and forgery of court documents to obstruct and interfere with the Plaintiff['s] due process rights and the proper administration of justice an insurrection or rebellion against the United States Constitution as giving 'aid and/or comfort' to the enemy" (*id.* at 5, 6).

Here, Magistrate Judge Arbuckle's R&R properly recommends dismissal of Plaintiff's Amended Complaint on the basis that the individual defendants are not state actors and therefore not subject to suit under § 1983. (*See generally*, Doc. 26). The large of majority of Plaintiff's Objections are irrelevant to this determination and do nothing to challenge the Magistrate Judge's recommendation. Here, a determination

3. Plaintiff's Amended Complaint (Doc. 15) is **DISMISSED** without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief can be granted.

_____
Robert D. Mariani
United States District Judge

---

of whether default judgment should be entered against the defendants is irrelevant to the R&R, Magistrate Judge Arbuckle did not address the issue of qualified immunity or find that Plaintiff must have alleged a favorable termination of his prior proceedings, and the proposed "Order to Show Cause" is both legally and procedurally without basis.

With respect to Plaintiff's assertion that he may bring a claim against the Lycoming County Public Defenders' office under *Monell*, the Court agrees with Magistrate Judge Arbuckle's finding that the Lycoming County Public Defenders' office is not a state actor for purposes of § 1983 (*see* Doc. 26, at 16). However, even assuming that this Office may be considered a state actor, upon review of Plaintiff's Amended Complaint, he has failed to state a claim upon which relief can be granted. Even broadly construing Plaintiff's Amended Complaint, and giving him every reasonable inference, the entirety of Plaintiff's *Monell* claim is an assertion that "[t]he Lycoming County Public Defender[s] and the Chief public defenders who failed to properly train and supervise [their] subordinates [d]id engage and enjoin in a seditious grant criminal conspiracy aiding and abetting the Pennsylvania state troopers in violation of JAMES EDWARD NOTTINGHAM['s] civil rights. . . ." (Doc. 15, at 5). Under *Monell*, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality may also be liable on other bases, such as if it failed to train or supervise municipal employees to avoid constitutional violations. *See City of Canton v. Harris*, 489 U.S. 378 (1989). Nonetheless, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury," but rather relies on the alternative basis that some failure to train on the part of the municipality caused an employee to inflict the injury, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cnty Com'rs of Bryan Cnty v. Brown*, 520 U.S. 397, 405 (1997). An allegation that a municipality failed to adequately train, supervise, discipline, or control its employees will only form the basis for § 1983 municipal liability "if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998). Here, Plaintiff's Amended Complaint does not identify any policy or custom which could support a *Monell* claim. It further fails to set forth any well-pleaded facts which allege the manner in which the Public Defender's Office failed to "train and supervise" its employees or that it had contemporaneous knowledge of any of the alleged violations or of a prior pattern of similar incidents.