THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. NOTTINGHAM, :
:
Plaintiff, :
v. : 4:22-CV-330
: (JUDGE MARIANI)
LYCOMING COUNTY :
PUBLIC DEFENDERS, *et al.*, :
:
Defendants. :

## MEMORANDUM & ORDER

On October 11, 2022, Magistrate Judge William Arbuckle issued a Report and Recommendation ("R&R") (Doc. 26) in the above-captioned action recommending that Plaintiff's Amended Complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court thereafter overruled Plaintiff's Objections, adopted the R&R, and closed the action. (Docs. 31, 32). On February 23 and 24, 2023, Plaintiff filed a "Motion for Reconsideration" and supporting brief (Docs. 33, 34).[1]

Here, Plaintiff's brief in support of his Motion for Reconsideration cites to Federal Rule of Civil Procedure 60(b) and (d) (Doc. 34, at 1). However, because Federal Rule of Civil Procedure 59(e) may also be applicable here, and a *pro se* pleading should "be judged

---

[1] Following the filing of Plaintiff's Motion for Reconsideration and supporting brief, Plaintiff continued to file a number of documents, some of which are arguably relevant to the present motion. Thus, to ensure full and complete consideration of Plaintiff's motion, the Court has examined each of the documents filed of record by Plaintiff following the filing of his Motion for Reconsideration, including but not limited to each document in which Plaintiff asserts the existence of "new evidence" or "fraud" on the Court (*see e.g.* Docs. 37, 39, 40, 41, 42).

by its substance rather than according to its form or label," *Lewis v. Att'y Gen.*, 878 F.2d 714, 722 n.20 (3d Cir. 1989) (citation omitted), this Court will consider Plaintiff's motion as one for reconsideration under Rule 59(e) as well as for relief under Rule 60(b) and (d).

> Pursuant to Rule 60(b),
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). Rule 60(d)(1) and (3) provide that Rule 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court." *Id.* at 60(d)(1), (3).

A Court may also alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e), otherwise known as a motion for reconsideration. *See Keifer v. Reinhart Foodservices, LLC.*, 563 F.App'x 112, 114 (3d Cir. 2014). "A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158-159 (3d Cir. 1988)). A motion to alter or amend "must rely on one of three major grounds: (1) an

intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks and brackets omitted); *see also, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F.Supp.2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F.Supp.2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

Plaintiff Nottingham's Motion cannot succeed under either Rule 59(e) or Rule 60(b) or (d). Magistrate Judge Arbuckle's R&R, which this Court adopted, recommended dismissal of Plaintiff's Amended Complaint on the basis that the individual defendants are not state actors and therefore not subject to suit under § 1983. (*See generally*, Doc. 26; Doc. 31). The R&R further properly explained that "Plaintiff has not alleged any facts that suggest these Defendants [Spring, Miehle, Welichovitch, Drier, and Longo] were acting outside of their 'traditional functions as counsel'" (Doc. 26, at 15) (quoting *Polk Cnty. v.*

*Dodson*, 454 U.S. 312, 325 (1981)). Here, none of Plaintiff's filings or attached exhibits submitted in support of his motion for reconsideration set forth any assertions or purported evidence to alter these conclusions set forth in the R&R.

With respect to Rule 60(b), Plaintiff does not present any basis for a finding of "mistake, inadvertence, surprise, or excusable neglect", that "the judgment is void", that any opposing party in this case engaged in "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct", or that "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable", *see* Fed. R. Civ. P. 60(b)(1), (3), (4), (5). Nor has Plaintiff submitted any "newly discovered evidence that, with reasonable diligence, could not have been discovered in time", *id.* at 60(b)(2). Rather, the "evidence" submitted by Plaintiff was either available to him well-prior to the issuance of the R&R (*see e.g.*, Doc. 34-1, at 2-4) or, to the extent that it was not previously available or was created after the issuance of the R&R and this Court's Order adopting the R&R, is irrelevant to the issue of whether any of the Defendants in this action are state actors (*see e.g.* Doc. 35-1).[2]

Nottingham has also not set forth any basis for this Court to grant relief pursuant to Rule 60(d). This subsection of Rule 60 "permits a court to entertain an independent action to

---

[2] Relief from a judgment under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022).

4

relieve a party from a judgment in order to 'prevent a grave miscarriage of justice.'" *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly,* 524 U.S. 38, 47 (1998)). Plaintiff's unsupported allegations of fraud in his state court proceedings are insufficient to justify an independent action under Rule 60(d)(1) or for this Court to set aside its judgment due to "fraud on the court" pursuant to Rule 60(d)(3). *See also, Harris v. Lesko*, 2025 WL 88835, at *2 (3d Cir. 2025) ("A district court may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct,' such as bribery or fabrication of evidence. Such a finding must be supported by clear, unequivocal and convincing evidence of (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.") (internal citations omitted).

For substantially the same reasons, Plaintiff's motion for reconsideration also fails under Rule 59(e). Plaintiff has not pointed to any intervening change in controlling law. In addition, as previously addressed, no new evidence has now become available which would change this Court's analysis nor is there a need to correct any clear error of law or to prevent manifest injustice.

In sum, despite Plaintiff's numerous filings, he has not set forth any assertions or new evidence which alters this Court's determination that none of the named Defendants are state actors and that he has also not pleaded a claim upon which relief can be granted under *Monell*.

ACCORDINGLY, THIS ___6th___ DAY OF MARCH 2025, upon consideration of Plaintiff James Nottingham's Motion for Reconsideration (Doc. 33) and all relevant documents, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion is **DENIED**.

_____
Robert D. Mariani
United States District Judge